IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


JERRY MARCUS,                                                                          PETITIONER

V.                                                                              NO. 1:05CV133-D-D

CHRISTOPHER EPPS, ET AL,                                                      RESPONDENTS


**O P I N I O N**

This cause comes before the court on the petition of Jerry Marcus for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner states that he was sentenced in 1988 to life with the possibility of parole. He contends that under the statute in effect at the time of sentencing has since been amended, and took away much of the "good time" credits which he had earned. He argues that this is causing him to stay in confinement an illegally excessive amount of time.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

The first determination that must be made is whether this action should be handled as a habeas corpus petition or a complaint pursuant to 42 U.S.C. § 1983. Any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under § 1983. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). The relief sought by the prisoner or the label he places upon the action is not the governing factor. *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir.).

The question of good time credits is difficult to place. However, the United States Court of Appeals for the Fifth Circuit has ruled that a habeas corpus petition is the proper method for a prisoner to challenge the calculation of his time credits. *Whitehead v. Johnson*, 157 F.3d 384 (5th

Cir. 1998). Since this petition challenges how petitioner's time credits will be calculated, it is properly filed as a habeas corpus petition.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust available state remedies. 28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner*, 404 U.S. 270 (1971); *Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle*, 677 F.2d 427, 443-44 (5th Cir. 1982)). *See also*, *Whitehead, supra.*

Petitioner states that he has filed a motion in the Sunflower County Circuit Court concerning this issue, where it is currently pending. Consequently, the "state's highest court [has not had] a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief." Accordingly, petitioner's state court remedies have not been exhausted and his petition must be dismissed. After exhausting his available state court remedies, petitioner will then be entitled to proceed in the federal district court.

A final judgment in accordance with this opinion will be entered.

THIS the 21st day of June, 2005.

Glen H. Davidson<br>
CHIEF JUDGE